# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THE REAL ESTATE NETWORK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-422 CAS |
| | ) | |
| GATEWAY VENTURES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Gateway Ventures, LLC and Cheryl Morgan Young's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. Plaintiff opposes the motion. No reply memorandum was filed. For the following reasons, defendants' motion to dismiss will be denied.

**Background**.

This is an action for copyright infringement brought by The Real Estate Network, LLC, a Delaware limited liability company. Plaintiff alleges that it owns the copyrights to two publications concerning how to make money by purchasing real estate in foreclosure, which defendants have infringed by selling a publication which is virtually a verbatim copy of plaintiff's copyrighted works. Plaintiff seeks injunctive relief, destruction of the allegedly infringing works, actual damages or in the alternative statutory damages, and attorney's fees and costs.

Defendants move to dismiss on the basis that the Court lacks subject matter jurisdiction over this action because plaintiff does not have the capacity to bring its claims in federal court as a matter of law. Defendants assert that plaintiff was not in good standing under Delaware's Limited Liability

Company Act at the time suit was filed because it owed taxes to the State of Delaware. Defendants also assert that plaintiff cannot prevent dismissal of this action simply by paying its back taxes, as the Court must determine its jurisdiction as of the time suit was filed.

Plaintiff responds that it was in good standing at the time suit was filed on March 15, 2005 because under applicable Delaware law its first annual tax payment was not due until June 1, 2005. Plaintiff asserts that it is currently in good standing. Thus, plaintiff contends that defendants' motion to dismiss lacks a factual basis.

**Legal Standard**.

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Distinguishing between a facial and factual challenge is critical to determining how the Court should proceed when resolving a motion to dismiss for lack of subject matter jurisdiction.

Under a facial challenge to jurisdiction all of the factual allegations in the plaintiff's complaint are presumed to be true, while under a factual challenge no presumptive truthfulness attaches to the complaint's allegations. See Titus at 593 & n.1. Under a factual challenge the district court is afforded the unique power to make factual findings which are decisive of its jurisdiction. Godfrey v. Pulitzer Publ'g Co., 161 F.3d 1137, 1140 (8th Cir. 1998), cert. denied, 526 U.S. 1098 (1999); Osborn, 918 F.2d at 729. As the United States Court of Appeals for the Eighth Circuit has stated,

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

2

Titus, 4 F.3d at 593 n.1 (quoted case omitted). Consequently, on a factual challenge the Court is not limited to an inquiry into undisputed facts, but may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction. See Godfrey, 161 F.3d at 1140. The plaintiff bears the burden of proof on a factual challenge to establish that subject matter jurisdiction does exist. Osborn, 918 F.2d at 730.

Here, defendants contend that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because plaintiff does not have the capacity to bring its claims in federal court as a matter of law. This asserts a factual challenge to the complaint. Accordingly, the Court must weigh the evidence and satisfy for itself whether it has jurisdiction to hear this case or whether the factual challenge to jurisdiction raised by defendants has merit.

While the Court may hold an evidentiary hearing to determine its jurisdiction, "'[a]ny rational mode of inquiry will do.'" Osborn, 918 F.2d at 730 (citing Crawford v. United States, 796 F.2d 924, 929 (7th Cir. 1986)). The Court concludes an evidentiary hearing is not necessary in this case as the parties have submitted exhibits in support of and in opposition to the motion, and no party has requested a hearing. The Court will therefore make its decision based on the evidence as submitted. See Fed. R. Civ. P. 43(e). The Court now turns to the merits of the motion to dismiss.

**Discussion**.

As stated above, defendants assert that plaintiff was not in good standing as a Delaware domestic limited liability company on the date this action was filed, under the applicable Delaware statute which provides:

> A domestic limited liability company that has ceased to be in good standing . . . by reason of its neglect, refusal or failure to pay an annual tax may not maintain any action, suit or proceeding in any court of the State of Delaware until such domestic

3

> limited liability company . . . has been restored to and has the status of a domestic limited liability company . . . in good standing or duly registered in the State of Delaware.

Del. Code tit. 6, § 18-1107(1) (2005).

Defendants correctly assert that under Rule 17(b), Fed. R. Civ. P., the "capacity of a corporation to sue . . . shall be determined by the law of the state under which it is organized." Defendants contend that because plaintiff was not in good standing when this suit was filed, it cannot sue them in Delaware state court due to its lack of capacity and also cannot sue them in federal court, citing inter alia, Woods v. Interstate Realty Co., 337 U.S. 535 (1949), and Moore v. Matthew's Book Co., Inc., 597 F.2d 645 (8th Cir. 1979). Defendants also contend that plaintiff cannot prevent dismissal of this action simply by paying its back taxes, because the Court's jurisdiction "depends upon the state of things at the time the action is brought." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004).

In support of their motion, defendants submit an unauthenticated printout purporting to be from the State of Delaware's Division of Corporations Internet website. The document, which is titled "Entity Details" and appears to be dated June 8, 2005, shows that plaintiff was incorporated on March 26, 2004, is a domestic limited liability company, and ceased being in good standing because it owed delinquent taxes of $304.50.

Plaintiff responds that it was formed as a Delaware limited liability company on March 26, 2004, less than a year prior to the filing of the present suit on March 15, 2005. Plaintiff states that under the Delaware Limited Liability Company Act, Section 18-1107(c), its first annual franchise tax payment to the State of Delaware was not due until "the first day of June following the close of the calendar year," i.e., June 1, 2005. Thus, plaintiff asserts that it was in good standing on March 15,

4

2005 when the instant action was filed, remained in good standing until June 1, 2005, and has since regained good standing.

In support of its opposition, plaintiff also submits an unauthenticated printout purporting to be from the State of Delaware's Division of Corporation's Internet website. The document, which is titled "Entity Details" and appears to be dated June 21, 2005, shows that plaintiff was incorporated on March 26, 2004, and is in good standing.

As a threshold matter, both parties should have submitted properly authenticated exhibits or affidavits for the Court's consideration. See Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir. 1988) (only admissible evidence may be considered on a motion to dismiss); cf. Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1006 (8th Cir. 2000) (exhibits to a summary judgment motion or response must be properly authenticated or verified by affidavit). "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be. See Fed. R. Evid. 901(a)." United States v. Wadena, 152 F.3d 831, 834 (8th Cir. 1998), cert. denied, 526 U.S. 1050 (1999).

The parties' failure to authenticate their exhibits notwithstanding, it is undisputed and the Court accepts for purposes of the instant motion that plaintiff was incorporated on March 26, 2004. Under the applicable Delaware statute, Del. Code tit. 6, § 18-1107(c), the annual use tax for a Delaware domestic limited liability company "shall be due and payable on the first day of June following the close of the calendar year . . . ." Thus, plaintiff's annual use tax was due on June 1, 2005. The statute further provides, "A domestic limited liability company . . . that neglects, refuses or fails to pay the annual tax when due shall cease to be in good standard as a domestic limited liability company . . . in the State of Delaware." Del. Code tit. 6, § 18-1107(h) (emphasis added). See also

Del. Code tit. 6, § 18-1107(e) ("In the event of neglect, refusal or failure on the part of any domestic limited liability company . . . to pay the annual tax to be paid hereunder on or before the 1st day of June in any year, such domestic limited liability company . . . shall pay the sum of $100 to be recovered by adding that amount to the annual tax . . . .").

Thus, under the applicable statute, plaintiff's annual use tax was not due on March 15, 2005 when this action was filed, but rather was due on June 1, 2005. There is no evidence in the record that plaintiff was not in good standing on March 15, 2005 when this action was filed.[1] Defendants' motion to dismiss for lack of subject matter jurisdiction therefore lacks a factual basis and should be denied.

**Conclusion**.

For the foregoing reasons, the Court concludes plaintiff has met its burden to establish that it was a Delaware limited liability company in good standing at the time this matter was filed, and therefore subject matter jurisdiction exists. Defendants' motion to dismiss for lack of subject matter jurisdiction should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**. [Doc. 13]

---

[1] As previously stated, the document submitted by defendants in support of their motion to dismiss was dated June 8, 2005.

**IT IS FURTHER ORDERED** that defendants shall file their responsive pleadings within the time permitted by Rule 12(a)(4)(A), Fed. R. Civ. P.

                                                         /s/ Charles A. Shaw
                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of July, 2005.