# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THE REAL ESTATE NETWORK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-422 CAS |
| | ) | |
| GATEWAY VENTURES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on a motion to dismiss for failure to state a claim upon which relief can be granted filed by defendant Cheryl Morgan Young ("Young" or "defendant"). Plaintiff The Real Estate Network, LLC ("plaintiff") opposes the motion. For the following reasons, defendant's motion to dismiss will be denied.

### Background

This is an action for copyright infringement brought by The Real Estate Network, LLC, a Delaware limited liability company. Plaintiff alleges that it owns the copyrights to two publications concerning how to make money by purchasing real estate in foreclosure, which defendants have infringed in violation of 17 U.S.C. §§ 106 (1) and (3), by copying and selling a publication which is virtually a verbatim copy of plaintiff's copyrighted works. Plaintiff seeks injunctive relief, destruction of the allegedly infringing works, actual damages or in the alternative statutory damages, and attorney's fees and costs.

### Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can

be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of its claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989).

When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**Discussion**

Young moves to dismiss for failure to state a claim upon which relief can be granted. She asserts that under Missouri law, plaintiff cannot state a claim against her in her individual capacity for acts carried out on behalf of the limited liability company, Gateway Ventures, LLC. Defendant asserts that the complaint does not allege any acts of copyright infringement on her part individually that would justify her naming as an individual party defendant. Defendant relies on section 347.069 (2000)[1] of the Revised Statutes of Missouri, and quotes the following portion of the statute:

> A member, manager, employee or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company.

Mo. Rev. Stat. § 347.069.1.

---

[1] All future references are to the 2000 edition of the Revised States of Missouri, unless otherwise noted.

Defendant also relies on section 347.057, which provides :

> A person who is a member, manager, or both, of a limited liability company is not liable, solely by reason of being a member or manager, or both, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise . . . .

Mo. Rev. Stat. § 347.057.

Defendant notes that no Missouri case has applied these statutes to dismiss a named party to a law suit, but cites to Page v. Roscoe, 497 S.E.2d 422 (N.C. 1998), which applied North Carolina's similar limited liability act and imposed sanctions for the joinder of an individual member of an LLC as a defendant.

Plaintiff responds that under Eighth Circuit case law, corporate officers may be held personally liable for copyright infringement. Plaintiff also states that the claim against Young is not based solely upon her status as a member of the defendant limited liability company, but rather is based either upon her own conduct or upon vicarious liability, due to her right and ability to supervise the infringing activity and her direct financial interest in exploitation of copyrighted materials.

In order for a corporate officer to be held personally liable for copyright infringement, that officer must have "the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity." Pinkham v. Sara Lee Corp., 983 F.2d 824, 834 (8th Cir. 1992) (internal quotations and citations omitted). Vicarious liability for copyright infringement results when a corporate officer has: (1) the right and ability to supervise the infringing activity, and (2) an obvious and direct financial interest in the exploitation of the copyrighted materials. Id.

"Copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable." Cross Keys Publishing Co., Inc. v. LL Bar T Land &

3

Cattle Co., Inc., 887 F. Supp. 219, 222 (E.D. Mo. 1995) (quoted case omitted). As with direct liability, vicarious liability within the copyright infringement framework can result in "personal joint and several liability for all those directly or vicariously involved." Little Mole Music v. Spike Investment, Inc., 720 F. Supp. 751, 755 (W.D. Mo. 1995). A corporate officer does not have to have knowledge of infringement to be held personally liable for it, as long as she had the right and ability to supervise the infringing activity and a financial interest in the use of copyrighted materials. Cass County Music Company v. C.H.L.R. Inc., 88 F.3d 635, 638 (8th Cir. 1996).

Section 347.069.1 of the Revised Statutes of Missouri states in full:

> A member, manager, employee, or agent of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce such person's right against or duty or liability to the limited liability company. Notwithstanding any provision of sections 347.010 to 347.187 to the contrary, <u>any person, including a member, manager, employee or agent of a limited liability company, against whom a claim exists may be joined as a proper party to proceedings by or against a limited liability company to the extent the claim arises out of the transaction or occurrence that is the subject matter of the claim against the limited liability company.</u>

Mo. Rev. Stat. § 347.069.1 (emphasis added).[2]

Under the plain language of Mo. Rev. Stat § 347.069.1, while a member, manager or employee of a limited liability company is generally not a proper party to a proceeding against a limited liability company, such a person "against whom a claim exists may be joined as a proper party to proceedings by or against a limited liability company to the extent the claim arises out of the transaction or occurrence that is the subject matter of the claim against the limited liability company."

---

[2] The Court believes that defendant's omission of the full text of section 347.069.1 is potentially misleading under the circumstances of this case. It would have been preferable for defendant to cite the entire statute, and then explain why the second sentence did not apply here.

4

Thus, Young can be joined as a proper party if an individual claim exists against her and that claim arises out of the transactions or occurrence that are the subject matter of the claim against Gateway Ventures, LLC.

"A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Roberts v. Walmart Stores, Inc., 736 F. Supp. 1527, 1528 (E.D. Mo. 1990) (internal quotations and citation omitted). In paragraph three of the complaint, plaintiff states, "Upon information and belief, defendant Cheryl Morgan Young is a member of defendant Gateway Ventures, LLC, with primary responsibilities for the operation and management of Gateway Ventures, LLC." Paragraph four states, "Upon information and belief, defendant Cheryl Morgan Young has the right and ability to supervise the activities of defendant Gateway Ventures, LLC and has a direct financial interest in Gateway Ventures, LLC." The complaint also alleges that the defendants have infringed on plaintiff's copyright. The complaint therefore asserts a claim of copyright infringement against Young as set forth in Pinkham. As a result, the allegations of the complaint fall within the parameters of § 347.069.1, as a claim exists against Young which arises out of the same transaction or occurrence that is the subject matter of the claim against Gateway Ventures, LLC. Young is therefore a proper party to these proceedings.

The North Carolina case cited by Young does not compel a different conclusion. In that case, the court held that "it was improper to name an individual member of a limited liability company as a party defendant without any evidence to support it." Page, 497 S.E.2d at 428. As with the Missouri statute, the North Carolina statute provides, "A member or manager may, however, become personally liable by reason of his own acts or conduct." In contrast to the present case, there were

no allegations of individual acts or conduct on which personal liability could be based in the <u>Page</u> case. Thus, it is not persuasive.

### **Conclusion**

For the foregoing reasons, the Court concludes that plaintiff has stated a claim against defendant Young upon which relief can be granted and that Young is a proper party to this action. Defendant's motion to dismiss for failure to state a claim should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Cheryl Morgan Young's motion to dismiss for failure to state a claim is **DENIED**. [Doc. 17]

/s/ Charles A. Shaw
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of September, 2005.